HAROLD WARD V. STATE.

No. 24481. November 23, 1949.
Rehearing Denied January 11, 1950.

W. J. Baldwin, and O'Fiel & O'Fiel, all of Beaumont, for appellant.

Jep S. Fuller, Criminal District Attorney, and Ramie H. Griffin, Assistant Criminal District Attorney, Beaumont, and George P. Blackburn, State's Attorney, Austin, for the state.

BEAUCHAMP, Judge.

The appeal is from a conviction for murder with a sentence of thirty years in the penitentiary.

Appellant is charged with the murder of his wife. He had been drinking during the afternoon and this was the cause of a quarrel between them. The evidence shows that he kicked her several times, struck her in the mouth with a pair of pliers and, according to his written confession, threw a knife at her. This stuck in her leg, about half-way between the knee and the hip, and inflicted the wound from which she bled to death. He said that after the knife stuck in her leg he got some water and bathed her face. He then went to bed, knowing that a stream of blood was running down her leg and that she complained of being weak. A short time thereafter he woke up and found her dead. This is the undisputed evidence in the case. His written confession is admitted without objection and he did not testify in his own behalf nor did he offer any evidence in mitigation of the offense.

A number of exceptions were filed to the court's charge. The second objection complains that the court did not submit the issue of aggravated assault. Such charge was given in proper form. There is no merit in any of the exceptions. Requests were made for instruction on issues not raised by any evidence in the case.

Appellant's Bill of Exception No. 3 complains of the introduction of the evidence of Nettie Johnson, the mother of the deceased. Inasmuch as this same evidence was given by a sister of deceased without objection, the question attempted to be raised will not be discussed. It is sufficient to say it was not inflammatory.

Bill of Exceptions No. 6 complains of the argument of the district attorney. We are unable to appraise this bill because it is not shown that this argument was not made in reply to, or that it was not provoked by argument made by defense counsel.

Bill of Exceptions No. 8 complains of the testimony given by an officer, Willard Sinclair, as to his having arrested the defendant and his deceased wife on a former occasion. At this time the wife stated that she fired a shot because her husband had been whipping her. They both paid fines for firing a pistol in the corporate limits of the city and for disturbing the peace. This evidence had no probative force. It was not pertinent to the issues involved and worked no injury to appellant.

Bill of Exceptions No. 7 complains of the action of the court in overruling appellant's motion for a new trial. We think this was proper.

Finding no reversible error, the judgment of the trial court is affirmed.

### ON MOTION FOR REHEARING.

WOODLEY, Judge.

In his motion for a rehearing, appellant claims that this court, in its original disposition of this case, erred in several respects, in that we failed to consider some of his bills of exceptions and erroneously disposed of others.

His first complaint is that we failed to consider and dispose of his Bill of Exceptions No. 2 wherein he complains of testimony given by the state's witness, A. V. Kelley, to the effect that about 3 or 4 P. M. on the 7th day of November, 1948, he went into Dendy's beer joint; that he noticed two women sitting in a truck parked near the beer joint; that he saw appellant in the beer joint and heard him curse and abuse some people on the outside and he heard him call them all kinds of bitches. He objected to this testimony on the ground that it related to a separate and distinct offense not in anywise con-

nected with the offense for which he was on trial. The objection was overruled and he excepted. The record reflects that one of the women was his wife upon whom he, a few hours later, inflicted serious wounds from the effects of which she died. We think this testimony was admissible as showing the previous relations existing between the parties and on the issue of malice.

Appellant also complains of the disposition made of his Bill of Exceptions No. 8 wherein we said that the evidence objected to had no probative force and worked no injury to appellant.

If we be mistaken as to the pertinency of such evidence, its admission does not constitute error. The matter was first gone into by appellant, and was limited by the trial court in a written charge to the jury. It likewise bore on the question of previous relations existing between appellant and deceased.

All of his other complaints brought forward in his motion have either been discussed in the original opinion or they are deemed to be without merit.

We notice that the sentence, as same appears in the transcript, fails to apply the indeterminate sentence law. The sentence is therefore ordered reformed so as to sentence appellant to serve not less than two years, nor more than thirty years in the state penitentiary.

The sentence being so reformed, the motion for rehearing is overruled.

Opinion approved by the court.